GEORGE J. NEFF, ADMINISTRATOR, ETC., RESPONDENT,
v. REUBEN S. DANIEL, APPELLANT.

Submitted October 29, 1925—Decided February 1, 1926.

> In a case where the jury might properly have found from the evidence that defendant's servant, a plumber, while engaged in repairing a roof, left, without adequate guard or protection, an ordinary drinking glass containing muriatic acid in his open tool box, on the ground in a yard in which he knew children of tender years were accustomed to play, while he went to the other side of the house for a period of ten or fifteen minutes, and that during his absense the particular child, which was only seventeen months old, drank some of the acid, as a result of which he died; there being also testimony that this same servant had seen children playing in the yard and had received a complaint from the mother of the particular child about his leaving tar or black paint unguarded in the yard where the children got at it, a motion for a nonsuit and for a directed verdict for the defendant, in a suit for damages for the death of the child, was properly denied; it being for the jury to decide whether the defendant's act was negligent, and whether what the child did was what a prudent man, knowing what the defendant knew, would reasonably expect it might do as a result of his negligence, the child itself of this age being presumed, as a matter of law, not to have the capacity to estimate or appreciate the dangerous nature of its act.

On appeal from the Passaic Circuit Court.

For the appellant, *Gustave A. Hunziker*.

For the respondent, *Ward & McGinnis* and *Meyer Lobsenz*.

The opinion of the court was delivered by

WHITE, J. This appeal, which is from a judgment upon the verdict of a jury in favor of the plaintiff for the death of a child seventeen months old caused by the negligence of the defendant's servant, questions the refusals of the learned trial judge to grant defendant's motions for a nonsuit and for a directed verdict in his favor.

The jury might properly have found from the evidence that defendant's servant, Brooks, a plumber, while engaged in repair work for the owner on the roof of the house where the child in question lived with its parents, left, without adequate guard or protection, an ordinary drinking glass half filled with muriatic acid (undergoing the process of being "killed" by the chemical reaction resulting from the insertion therein of a bar of zinc) in his open tool box on the ground in the yard appurtenant to such house, in which yard he knew this child, with others also of tender years were accustomed to play, while he, Brooks, went to the other side of the house for a period of ten or fifteen minutes, and that during his absence this particular child came out of his parents' house into their yard to play, discovered the open, unprotected glass of acid and drank some of the acid, as a result of which he died some days later. The jury might also have found that Brooks had seen several children, aged from a year and a half to six years, playing in this yard while he was at work on this job the two previous days, and that on the day immediately preceding the one when the accident occurred, Mrs. Neff, the mother of the child in question, complained to Brooks because he had left a pot of tar or black paint with which he was working unguarded on the ground in this yard, as a result of which the children got their clothes "daubed up" with it while playing in the yard. Mrs. Neff told Brooks "he ought to have more sense than to leave such stuff unguarded where the children could get at it." Brooks knew the acid was dangerous, that it would injure on outside application until the "killing" or "neutralizing" process was completed, and that, if taken internally, it was poisonous, whether "alive" or "dead."

We think the motions in question were properly denied. In *Vallency* v. *Rigillo,* 91 *N. J. L.* 307, where the defendant negligently left dangerous dynamite cartridges in his home within easy reach of his infant child of tender years, who took them away from the house and in play with other little boys pounded them with stones, so that one of them exploded and put out the plaintiff's eye, this court (following the

authority of *Davenport* v. *McClellan,* 88 *Id* 653), in reversing the judgment of nonsuit there entered, said: "Under such circumstances there may be a recovery in case, but only in case, the jury shall find—(1) that defendant's act was negligent; (2) that what the child did was what a prudent man, knowing what defendant knew, would reasonably expect it might do as a result of such negligence, and (3) that the child was of such tender years or imperfect understanding that it did not have the capacity to estimate or appreciate the dangerous nature of its act."

We think this language is applicable to the circumstances of the case now under consideration and is dispositive of that case, although, of course, the third requisite to recovery therein stated is not here a jury question, because the infant in the present case was only seventeen months old, and, therefore, fell by presumption of law within the specification therein contained.

See, also, the cases of *New Jersey Fidelity and Plate Glass Co.* v. *Lehigh Railroad Co.,* 92 *N. J. L.* 467, and *Piraccini* v. *Director-General of Railroads,* 95 *Id.* 114, where this court has applied the same principle.

The judgment is affirmed, with costs.

*For affirmance* — The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ.    16.

*For reversal*—None.